(40 Misc. Rep. 566.)

### FRANKLIN v. BURNHAM et al.

(Supreme Court, Special Term, New York County. May, 1903.)

**1. Injunction—Masonic Association—Trial of Member.**
Plaintiff, a Mason, had been indicted for libel, and sought an injunction restraining the fraternity from trying him before the trial for libel on charges in connection with the same transaction, on the allegation that the persons who were to try him were biased, and that the trial was with intent to prejudice his criminal trial. *Held* that, there being no evidence to sustain the allegation, the injunction should be denied.

**2. Same.**
A proceeding by a Masonic order to try a member will not be enjoined on the ground that it may take from plaintiff property without due process of law, as such member has no severable interest in the property.

Action by Charles L. Franklin against Frank A. Burnham and others. Motion to deny preliminary injunction. Denied.

Baldwin & White, for plaintiff.
Truax & Crandall, for defendants.

GILDERSLEEVE, J. The plaintiff and the defendants are members of the Masonic fraternity. In accordance with Masonic rules,

regulations, and usages, the defendants Stewart, Phipps, and Klingenstein were duly appointed by the defendant Crandall, who is the grand master of the Masons in the city of New York, trial commissioners to hear, try, and determine certain charges preferred against the plaintiff. Two indictments against the plaintiff for criminal libel are now pending in this county, and it appears that one of the specifications in the above-mentioned charges sets forth substantially the identical acts upon which the said indictments are based. I understand it to be the claim of the plaintiff that practically the said charges will raise the same issues of fact as the indictments. The plaintiff brings this action to enjoin the said commissioners from trying him on the said charges, upon the ground that his trial upon said indictments has not yet been had, and asserts that his trial by the said commissioners at a time prior to his trial for criminal libel in the Court of General Sessions, in which said indictments were found, would cause him irreparable injury, for the reason that the commissioners appointed are biased and partial; that he would be forced to disclose the evidence upon which he relies to defend himself on the criminal trials; that before the commissioners he could not have the benefit of counsel of his choice; and that he would be deprived of property rights without due process of law. A preliminary injunction herein has been granted, which restrains the defendants from trying the plaintiff upon said charges prior to his trial upon said indictments. This motion is to continue the preliminary injunction pendente lite. The principal ground set forth by counsel in support of the injunction is the claim that the Masonic proceedings are likely to take away the plaintiff's property rights without due process of law. The Masonic fraternity is a voluntary organization. It has a constitution and code of procedure designed for its government and for the regulation of its members in their relation to one another. A member of the Masonic fraternity has no right in the property of the organization, except that, while a member in good standing, he may enjoy the use of the same in a manner prescribed by said organization. His property right is nonenforceable, and beyond the reach of execution. Kopp v. White, 99 N. Y. St. Rep. 1017, 65 N. Y. Supp. 1017. The rule laid down in White v. Brownell, 4 Abb. Prac. (N. S.) 191, relating to the New York Open Board of Brokers, seems applicable to the Masonic fraternity. The court said:

"There may be property belonging to this body, derived from the payment of dues or fines, or consisting of the furniture of the room where the board meets; but the possession of it is a mere incident, and not the main purpose or object of the association. A member has no severable proprietary interest in it, or a right to any proportionable part of it upon withdrawing. He has merely the enjoyment and use of it while he is a member, but the property remains with and belongs to the body while it continues to exist, like a pew, the ultimate and dominant property in which is in the congregation, and not in the pewholder; and when the body ceases to exist, those who may then be members become entitled to their proportionate share of its assets."

It must be said from the foregoing that the plaintiff has no ground for apprehension from this source that can entitle him to injunctive relief. The other grounds urged are equally futile. All the material allegations of the complaint are denied by each of the defend-

ants. The claims of plaintiff, that defendants are conspiring against him, and that he believes the Masonic charges were preferred and the trial thereof sought to be had for the purpose of affecting, to his prejudice, the trials of the criminal cases, are not supported by the proofs before me. So far as appears, the proceedings against him in the Masonic order are in strict accordance with the ordinary course of procedure by that body. It is the province of all courts constituting the civil judiciary to take cognizance only of those rights which flow from the common law, legislative enactments, political constitutions, and international treaties. The right to membership in the Masonic fraternity springs from no one of those sources. Membership therein confers no legal right of which a court of equity will take cognizance. White v. Brownell, supra. The Masonic fraternity is an unincorporated society, which has customs and laws of its own. The plaintiff voluntarily became a member thereof, and in so doing submitted himself to the customs and laws of the organization, and for any alleged infraction of those customs and laws by plaintiff it is his duty to stand trial in the forum constituted by the organization, and at the time and in the manner it prescribes. The motion to continue the injunction must be denied, and the preliminary injunction set aside. No costs. Settle order on notice.

Motion denied; preliminary injunction set aside. No costs.