[No. 5879. Decided December 13, 1905.]

MARIA KELLY *et al., Appellants,* v. GRAND CIRCLE WOMEN OF WOODCRAFT, *Respondent.*[1]

INSURANCE — BENEFICIAL ASSOCIATIONS—EXPULSION OF MEMBER— JURISDICTION OF COURTS TO REVIEW. The expulsion of a member from a mutual benefit association will not be reversed by the courts except to ascertain whether the proceedings were regular, in good faith, and not in violation of the laws of the land.

SAME — REGULARITY OF PROCEEDINGS — CHARGES — SUFFICIENCY. Charges of a general nature, preferred against a member of a mutual benefit association, accusing the member of threats to wrongfully use the funds, and slandering other members and officers, are sufficient to sustain an order of expulsion from the association, where the member did not point out wherein they should be made more specific.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered March 9, 1905, upon motion of the defendant at the close of plaintiffs' case, dismissing an application for a writ of mandamus to compel reinstatement in a fraternal insurance society. Affirmed.

[1] Reported in 82 Pac. 1007.

*S. S. Bassett* and *John P. Judson,* for appellants.

*A. D. Stillman* and *Denton M. Crow,* for respondent.

MOUNT, C. J.—Appellant Maria Kelly was expelled from membership in Beta Circle No. 330, Women of Woodcraft. Thereafter she applied to the superior court of Spokane county for a writ of mandamus, directed to the respondent, to reinstate her in the order, claiming that she was wrongfully expelled, and had been thereby damaged in a large amount. An alternative writ was issued. In answer to this writ, the respondent denied the material allegations of the writ, and alleged affirmatively that appellant was properly expelled from the order, in substantial compliance with the laws thereof. The cause came on for trial. Appellant demanded a jury, which was refused. The court thereupon heard all the evidence of the appellants and, on motion of respondent, dismissed the proceedings. From this judgment of dismissal, the appeal is prosecuted.

The facts, as they appeared upon the trial, are substantially as follows: The respondent is a social, fraternal, and mutual benefit insurance society, incorporated under the laws of Colorado, and authorized to do business in this state. The supreme controlling body is known as the Grand Circle Session, which is composed of members elected by subordinate circles, and which is presided over by an officer called the Grand Guardian, who has general charge of the Grand Circle. In different states are subordinate lodges, called Circles, presided over by an officer known as the Guardian Neighbor. Beta Circle No. 330 is one of these subordinate circles, located at Spokane. Appellant was a member of Beta Circle No. 330, and held a policy of insurance in the order for $1,000.

The business of the lodges and the rights and liabilities of all members are controlled by by-laws, a copy of which is found in the record. These by-laws provide, among other things, as follows:

"Sec. 15. As soon as information, either verbal or written, is received by her, the Guardian Neighbor (or when the Guardian Neighbor is charged, or is absent and unable to act, then the Adviser) shall refer the matter to a special committee of three Neighbors, to whom she shall communicate all that she has learned, concealing the name of the informant, if so desired.

"Sec. 16. Said committee shall diligently investigate the matter referred to them, and if they find sufficient grounds, shall prepare charges as follows: 'We, the committee to whom was referred certain accusations against Neighbor ———— have investigated the matter and deem it our duty to charge ———— with [here state the acts or offenses and the dates, as nearly as may be possible, when said offense was done], and recommend that the Circle investigate the same. We would cite as witnesses in the case the following names: [Here give names.] Signed this —— day of ————, 19———. [Signed by Committee.] Said charges shall be filed or a report of the committee be made why same should not be done, at the next regular meeting after the accusation has been referred to said committee.

"Sec. 17. Charges having been filed with the clerk, he or she shall read the same under head of 'General Business,' and shall make a copy of the same, excepting the names of the committee, and the Attendant shall deliver said copy to accused, if he or she resides in the city, or mail it to his or her last known address, together with a notice to appear at a regular or special meeting to be held not sooner than a week after the one in which charges are read, and instructing him or her to be present with any witnesses or documents necessary in his or her defense.

"Sec. 18. Trial should be had at a regular or special meeting to be appointed by the Guardian Neighbor, and be held at least one week after charges are preferred. The accused may appear in person or by a Neighbor, and the Banker, or in his or her absence, the Adviser, shall assist him or her in interrogating witnesses. The Guardian Neighbor shall question witnesses, and the accused or his or her assistants may cross-question the witnesses. Should any of the witnesses not be members of the Fraternity, they may be invited in and examined before members are examined, and in their presence, any reference to the secret work shall

not be permitted. The case may be postponed from time to time by a two-thirds vote of the members present.

"Sec. 19.  After all evidence is in, the Guardian Neighbor, or, in proper case, the Adviser, may discuss the matter, and one Neighbor on behalf of the accused, may reply, and the accused may also be heard in his or her own behalf. He or she shall then retire to the ante-room, and the Neighbors can discuss the matter, but shall be confined to five-minute speeches.  .

"Sec. 20.  After discussion, the matter shall be put to a vote on the question, Is he or she guilty as charged? And if convicted, on the following questions: First—Shall he or she be expelled? If two-thirds vote 'Yes,' he or she shall be expelled; otherwise, the question shall be: Second—Shall he or she be suspended from the Circle?"

In September, 1901, charges were preferred against appellant Maria Kelly, and a committee was appointed to investigate the same. This committee made a report as follows:

"We, the committee to whom was referred certain accusations against Neighbor Maria Kelly have investigated the matter and deem it our duty to charge her with making threats to use the funds of the Circle regardless of her right to do so, and of slandering several members of Beta Circle, and of the Grand Officers of the order. We, therefore, recommend that the Circle investigate these charges."

A copy of this report was served upon the appellant personally, and she was summoned to appear before the lodge for trial on October 2, 1901. She appeared at that time and objected to the proceedings upon the ground that there were no charges against her. The objection was overruled, and the trial proceeded. Appellant heard the witnesses and was given an opportunity to cross-examine them, but did not do so. She was permitted to and made statements in her own behalf. Thereupon, after she had retired from the lodge room, a rising vote was taken upon the question, Is she guilty as charged? which resulted twenty "Yes," and six "No." Another vote of the same kind was taken upon the question, Shall she be expelled? with the same result as before. Ap-

pellant was thereupon ordered expelled from the Circle. She appealed from that order of her Circle to the Grand Guardian, who in a written opinion, sustained the appeal upon the ground that the vote was not taken in accordance with the provisions of the by-laws, but denied the appeal upon other grounds, and sent the case to Beta Circle No. 330, and directed that the vote be taken by ballot, as required by the by-laws.

The case again came up in said Beta Circle on November 5, 1902. Appellant was present. A motion was made to dismiss the charges, but this motion was by the Guardian Neighbor declared out of order, and a ballot was thereupon taken, which resulted in her expulsion. Appellant thereupon appealed to the Grand Guardian on the ground that, when the case was remanded upon first appeal, appellant was entitled either to a new trial or to a dismissal of the charges. The Grand Guardian, in a written opinion, denied the grounds of the appeal, and affirmed the expulsion of the appellant. She thereupon appealed to the Grand Circle Session, which appeal was referred to a committee on laws and grievances. That committee, after a hearing at which appellant was represented, reported a recommendation to the Grand Circle Session that the Grand Guardian be sustained, which report was adopted. Thereafter this action was begun as hereinbefore stated.

In cases of this kind "courts never interfere, except to ascertain whether or not the proceeding was pursuant to the rules and laws of the society, whether or not the proceeding was in good faith, and whether or not there was anything in the proceeding in violation of the laws of the land." *Connelly v. Masonic Mut. Benefit Ass'n,* 58 Conn. 552, 18 Am. St. 296, 9 L. R. A. 428. The rule is stated in 3 Am. & Eng. Ency. Law (2d ed.), 1075, as follows:

"Where the jurisdiction of an association is being lawfully and regularly exercised, courts have no authority to

interfere by injunction, mandamus, or otherwise, nor have they authority to entertain jurisdiction of a cause once formally and finally settled according to the laws of the association, unless it appears that such laws were invalid, or that the procedure under them was so irregular as to work injustice. It follows as a corollary that courts have no authority to entertain jurisdiction of a cause that is primarily cognizable, and for which a full and ample remedy is obtainable, under the associate jurisdiction."

See, also, 2 Bacon, Benefit Societies and Life Insurance (3d ed.), § 442; *Murray v. Supreme Hive L. O. T. M.,* 112 Tenn. 664, 80 S. W. 827; *Levy v. Magnolia Lodge I. O. O. F.,* 110 Cal. 297, 42 Pac. 887; *Moore v. National Council,* 65 Kan. 452, 70 Pac. 352; *Dubcich v. Grand Lodge A. O. U. W.,* 33 Wash. 651, 74 Pac. 832.

As we understand the case presented here, there is no contention on the part of the appellants that the laws of the order are invalid, but the whole contention is based upon the idea that the procedure was irregular and not in good faith. Upon a careful examination of the record, we find no evidence of bad faith. The only questions, therefore, for our consideration are upon the regularity of the proceedings. Appellant contends that the charges upon which she was expelled from Beta Circle were not sufficiently specific, and that therefore the charges amounted to nothing, and that the Circle had no jurisdiction to try her upon any charge, or to expel her from the order.

After the appellant had been served with notice of the charges, she appeared at the meeting fixed for the trial and, in answer to a question whether or not she was ready for trial, replied,

"Certainly not. There are no charges in this lodge against me, and you cannot try a person without charges. If I have done anything unbecoming a member of this order, prefer your charges according to the constitution and I will be ready for trial."

It is true, the charges contained in the report of the investigating committee were general in their character, and did not state the dates nor the particular persons who were slandered, but the general charges were made that the accused was making threats to use the funds of the Circle regardless of the right to do so, and of slandering several members of Beta Circle and of the Grand Officers of the order, and the Circle was authorized thereunder to put the accused member on trial. She was served with notice, and appeared. She was advised of the general nature of the offenses and, no doubt, could have prepared a defense if she had one. The evidence does not disclose that she pointed out to the lodge wherein she desired the charges made more specific, but she stood upon her general objection that the Circle had no right to try her under the charges which had been preferred. If lodges of the character of this one are to be held to the strict rules of pleading in all cases, very few, if any, successful prosecutions of delinquent members could be made, because the membership is not as a rule composed of persons who are familiar with strict legal rules. The correct principle, we think, is stated in *Burton v. St. George's Society,* 28 Mich. 261, where it was said:

"As these are all proceedings under articles agreed to by all the members, it is necessary to consider them without too much regard to any technicalities; and to follow substantial justice more than form."

See, also, *Levy v. Magnolia Lodge, supra.* We are of the opinion, therefore, that the Circle had jurisdiction to put the appellant upon trial under the charges contained in the report of the committee, and, further, that the procedure worked no injustice upon appellant.

The principal contention of the appellants is based upon the question above discussed. There are other irregularities suggested in the briefs, but little or no reliance seems to be placed upon them. They were all considered upon the different appeals in the forum of the order, and in accordance

with the rules thereof, and passed upon fairly and with substantial justice to the appellant. We think none of them are meritorious, and no useful purpose would be subserved by discussing them. Upon the whole case the lower court properly dismissed the writ.

The judgment is affirmed.

DUNBAR, HADLEY, FULLERTON, and RUDKIN, JJ., concur.