[No. 7276.   Decided July 16, 1908.]

THE STATE OF WASHINGTON, *on the Relation of John Cicoria, Respondent,* v. JOHN CORGIAT *et al., Appellants.*[1]

MANDAMUS—PARTIES—NAME OF PLAINTIFF—PLEADINGS — AMENDMENT. Under Bal. Code, § 5738, providing that a party prosecuting a special proceeding may be known as the plaintiff and the adverse party as the defendant, it is not error to refuse to quash a proceeding commenced in the name of the real party in interest, instead of in the name of the state on his relation according to sanctioned practice, especially where the plaintiff was required to amend the complaint to cure the objection made.

SAME—PROCEEDINGS—SUMMONS AND COMPLAINT. A mandamus proceeding may be commenced by the filing and service of a summons and complaint, rather than by motion and affidavit.

BENEFICIAL ASSOCIATIONS — MEMBERSHIP—EXPULSION — NOTICE OF HEARING. A mutual benefit society has no power to expel a member without giving him notice and an opportunity to be heard.

APPEAL—PRESERVATION OF GROUNDS—FINDINGS—NECESSITY—MANDAMUS. Error cannot be assigned in the failure of the court to make findings of fact and conclusions of law in mandamus proceedings, where no request therefor was made below.

BENEFICIAL ASSOCIATIONS — REVISION OF ACTS — JURISDICTION OF COURTS. The courts are compelled to revise acts of beneficial societies where pecuniary and property rights have been illegally abridged or invaded.

Appeal from a judgment of the superior court for King county, Albertson, J., entered December 2, 1907, directing the issuance of a writ of mandamus to compel reinstatement in a fraternal benefit society.   Affirmed.

*Vince H. Faben* and *Walter A. Keene,* for appellants.
*McBurney & Cummings,* for respondent.

RUDKIN, J.—This is an appeal by the Joseph Mazzini Society and others, from a judgment in mandamus proceed-

[1]Reported in 96 Pac. 689.

ings by which the appellants were commanded to restore the
respondent to his rights and privileges as a member in good
standing of the appellant society.  The Joseph Mazzini So-
ciety is a fraternal benefit association organized under the
laws of this state.  Each member, on admission to the society,
must pay an admission fee, varying from $5 to $50 accord-
ing to age, and monthly dues of $1 per month thereafter.
The by-laws also provide for special assessments.  In return
each member of the Society receives a sick benefit of $10 per
week for a period of not to exceed six months, during illness
or other physical disability.  A further allowance of $10 per
month may be made, in the discretion of the society, after the
expiration of the six months period.  The society also ex-
pends the sum of $75 for the burial of each of its members.
The respondent was a member of the society in good standing
for several years prior to the 9th day of June, 1907.  On
that day he was expelled from the society, without notice or
opportunity to be heard, for the alleged publication of an
article affecting the president of the society.  The following
are the assignments of error discussed in the appellants'
brief:  (1) Error in denying the motion to quash the alter-
native writ;  (2) error in denying the motion for nonsuit;
and  (3) error in entering judgment without findings of fact
or conclusions of law.

The motion to quash was based on two grounds; first, be-
cause the proceeding was instituted in the name of the real
party in interest, instead of in the name of the state on the
relation of the party beneficially interested; and, second, be-
cause the proceeding was commenced by summons and com-
plaint, and not by motion and affidavit.  Bal. Code, § 5738
(P. C. § 1393), provides that "The party prosecuting a
special proceeding may be known as the plaintiff and the
adverse party as the defendant."  Under this section it would
seem that special proceedings such as certiorari, mandamus
and prohibition should be prosecuted in the name of the real

party in interest, but the practice of prosecuting such pro-
ceedings in the name of the state on the relation of the party
beneficially interested was sanctioned by this court in *State
ex rel. Weinberg v. Pacific Brewing & Malting Co.*, 21 Wash.
451, 58 Pac. 584, 47 L. R. A. 208.   The question is one of
little moment here, for the court required the respondent to
amend his complaint to conform to the contention of the
appellants, and this practice was approved by the court in
the case cited.   The objection that the proceeding was com-
menced by summons and complaint, rather than by motion
and affidavit is untenable.   In discussing this question in
*Clark County v. Brazee*, 1 Wash. Ter. 199, the court said:

"We consider that the difficult learning of the old writs of
mandamus and prohibition is rendered mainly obsolete by the
Practice Act.   That under it the essential idea of an action
is that a remedy be asked for by a plain statement of the
facts which create a right to it, and that judgment go ac-
cording to that remedy when found due, and that this sim-
plicity of statement and conformity of judgment obtains as
well when the demand is that the defendant be compelled to
do or abstain from doing something, as when it is that plain-
tiff recover a sum of money on a note.

"This case may be stated substantially thus:  After some
preliminary irregularity the plaintiff and defendant found
themselves face to face in court.   The plaintiff making claim
that the defendant be constrained in his action, in a defined
legal mode, and alleging the facts justifying it, the defend-
ant insisted that the plaintiff had not called his proceeding
by the right name, had taken unnecessary or unusual steps
by the way, that the plaintiff should be required to go out of
court and come back again by a more technical route.   But
he made no defense of insufficient notice, none of venue, none
touching the substantial justice of the demand, and confined
his defense, so far as merits were concerned, to the position
that the facts averred being true would not entitle to the
remedy asked.   He might have denied them; he chose to con-
cede them and rely on quiddities which we consider the prac-
tical and just spirit of our code will not tolerate.   We are

not satisfied that injustice has been done him, and cannot consent to disturb the judgment below."

The argument in support of the motion for a nonsuit is based upon the ground that the court erred in holding that the expulsion of the respondent, without notice or opportunity to be heard, was void. This ruling however is supported by the great weight of authority. In Niblack on Benefit Societies and Accident Insurance, at § 61, the author says:

"It may be stated, as the general rule, that a society, the members of which become entitled to privileges or rights of property therein, may not exercise its power of expulsion without notice to the member, or without giving him an opportunity to be heard. It is a fundamental principle of law, recognized in every court of justice, that no man shall be condemned or prejudiced in his rights, without an opportunity to be heard. A society, or select number of its members, to whom authority is given in the premises, is a court when passing on the rights of its members. *Audi alteram partem* is the first principle·in the administration of justice, and it is against natural justice to proceed against one's rights without giving him an opportunity to be heard in defense of them. It is competent for the members of a society organized. for the purpose of mutual insurance, to agree that the non-payment of an assessment levied by it, within a stipulated period of time after notice of the assessment, shall *ipso facto* operate as an expulsion of a delinquent member from the society. Such an expulsion is in reality a forfeiture of rights for a cause over which the member has full control, and for a cause which imputes to the member no disgraceful conduct. But it is a well established rule of law that no man shall be condemned to suffer the consequences resulting from alleged misconduct, until he has been notified of the accusation, and been given an opportunity to make his defense. This rule is not confined to the conduct of strictly legal tribunals, but is applicable to every tribunal, or body of persons invested with authority to adjudicate upon matters involving civil consequences to individuals. A by-law providing that a member may be expelled for any alleged

misconduct, without notice to him, and without affording him an opportunity to be heard, is in conflict with the law of the land, and is void."

See, also, Bacon, Benefit Societies, § 101; 3 Am. & Eng. Ency. Law (2d ed.), p. 1073, and cases cited.

The next and last error assigned is the failure or refusal of the court to make or enter findings of fact and conclusions of law. In *Slayton v. Felt*, 40 Wash. 1, 82 Pac. 173, we held that error could not be predicated on the failure of the court to make findings of fact, in law actions, in the absence of a special request for such findings, and no such request was made in this case. The appellants earnestly insist that courts should close their doors against applications of this character and compel members of voluntary associations, such as the appellant society, to seek protection for their rights and redress for their grievances within the society of which they are members. We would gladly adopt this view, but unfortunately, where pecuniary and property rights are involved, the courts must listen to the complaint of members whose rights have been abridged or invaded by the arbitrary and illegal actions of the governing body within the society. *Otto v. Journeymen Tailor's Protective & Benevolent Union*, 75 Cal. 308, 17 Pac. 217, 7 Am. St. 156; *Von Arx v. San Francisco Gruetli Verein*, 113 Cal. 377, 45 Pac. 685; *Dubcich v. Grand Lodge A. O. U. W.*, 33 Wash. 651, 74 Pac. 832; *Kelly v. Grand Circle Women of Woodcraft*, 40 Wash. 691, 82 Pac. 1007.

A motion was interposed sometime ago to dismiss the appeal herein on the ground that the appeal was prosecuted without authority from the society, and because the subject-matter of the controversy had ceased to exist. A spirit of anarchy seems to have pervaded the society at the time this motion was interposed, and it is impossible for us to say, from the contradictory affidavits filed, who is in authority or who has a right to speak or move for the society. We

therefore decline to pass upon this motion, inasmuch as the same result will be accomplished by an affirmance of the judgment.

Judgment affirmed.

HADLEY, C. J., DUNBAR, FULLERTON, CROW, MOUNT, and ROOT, JJ., concur.