[No. 9327. Department Two. April 24, 1911.]

## JOSEPH MAZZINI SOCIETY, *Respondent*, v. JOHN CORGIAT, *Appellant*.[1]

CONTRACTS—CONSTRUCTION—SUBJECT-MATTER INCLUDED. An agreement to pay all the costs and expenses of the defense of a suit includes the fees of attorneys for services therein, but not the costs and expenses of defending a suit brought by the attorneys to recover their bill.

FRAUDS, STATUTE OF—DEBTS OF ANOTHER—ORIGINAL PROMISE. An agreement by the president of a society to pay all the costs and expenses of the defense of a suit to reinstate a member is an original promise, and not within the statute of frauds, where the society refused to defend and regarded it as a personal controversy between the plaintiff and the defendant.

CHAMPERTY AND MAINTENANCE—CONTRACTS. An agreement by the president of a society to pay all the costs and expenses of the defense of a suit to reinstate a member is not champertous, or void as against public policy, where the president was a party defendant to the suit, and as executive head of the society had a personal interest in the litigation.

COSTS—ON APPEAL. On appellant's obtaining a substantial reduction of the judgment, he will be entitled to costs on appeal.

Appeal from a judgment of the superior court for King county, Robert H. Lindsay, Esq., judge *pro tempore*, entered September 15, 1910, upon findings in favor of the

[1]Reported in 115 Pac. 93.

plaintiff, after a trial on the merits before the court without a jury, in an action on contract.    Modified.

*Walter A. Keene* and *Faben & Kelleran*, for appellant.

*McBurney & Cummings, H. McC. Billingsley*, and *C. C. Cutler*, for respondent.

PER CURIAM.—The respondent is a fraternal organization, and the appellant was at one time its president.   While he was so acting, John Cicoria was expelled from membership in the society, and thereupon commenced mandamus proceedings to obtain reinstatement, making appellant, the society and its secretary defendants.   Cicoria was successful in this proceeding, both in the court below and upon the appeal here, the case being reported as *State ex rel. Cicoria v. Corgiat*, 50 Wash. 95, 96 Pac. 689.    The theory of the present case is that, while the mandamus proceeding was pending in the court below, the society did not wish to incur any expense in its defense other than the sum of $125, which had been originally authorized, regarding it as in the nature of a personal controversy between Cicoria and Corgiat in which the society, or its membership as a whole, was not interested; that Corgiat, in order to induce the society to continue in the defense of the mandamus proceedings, agreed that he personally would pay all cost and expense, and would indemnify the society against any further cost and expense than the sum of $125; that, relying upon this promise of Corgiat, the society permitted him to represent it in the defense in the court below and upon the appeal to this court. The costs and expenses of that proceeding, other than the sum of $125, amounted to the sum of $192.24, in which sum judgment was taken against the society and collected, and a further cost of $24 incurred.    Thereafter, the society refusing to pay the attorneys employed in the defense of the mandamus proceedings, they brought suit to recover their attorneys' fees, resulting in a further judgment against the society in the sum of $904.80 which was paid, and an ex-

pense of $225 incurred in the defense of that suit. These several items, aggregating $1,346.04, the society sought to recover from Corgiat upon his agreement made in the original mandamus proceedings, and being successful in the court below, Corgiat appeals.

The findings of the trial court, being made upon contested facts, will not be disturbed, our only inquiry being as to whether the items included by the court in its judgment are correctly chargeable against appellant under his agreement. The agreement, as found by the court, was to pay all costs and expenses of the mandamus proceedings. That was the only action then pending, and the only action either at law or in equity within the contemplation of the parties in which there was any likelihood or probability of legal expenses being incurred. Assuming then, as found by the trial court, that Corgiat bound himself to pay these costs, he could not, under such a promise be held liable for the costs and expenses of the litigation between the society and its attorneys. The fees of the attorneys were earned in the mandamus suit, and hence properly charged against appellant as expense of that litigation; but the item of $225 was not costs of the mandamus suit, nor incurred in any defense of the mandamus suit. It could not, therefore, be charged against appellant upon his promise to pay the costs and expense of that suit.

Appellant raises one law point in contending that Corgiat's promise, if made, was void under the statute of frauds. The promise made, as found by the trial court, was an original promise, and not a collateral undertaking, and hence not within the statute.

It is also contended in this connection that the promise is void as against public policy, and is in fact champertous. It cannot be so held. It was not an officious intermeddling with litigation, actuated either by a spirit of stirring up a controversy or from a desire to share in its probable fruits. Appellant was himself a defendant. He was, in addition, the

president of the society, its executive head, and as such had a personal interest in the litigation which would, as against public policy, support any promise he might make as to its expense.

Finding no error in law and none in fact, save the wrongful charge of $225 against appellant, the judgment is modified so as to exclude the $225 item. Otherwise it will stand, and the cause is remanded with instructions to modify as herein suggested. Costs to respondent.

### ON PETITION FOR REHEARING.

[*En Banc.* Decided June 9, 1911.]

PER CURIAM.—Petition for rehearing has been filed in this case, calling attention of the court to the fact that, although appellant prevailed in this court to the extent of obtaining a substantial reduction of the judgment awarded against him by the court below, he was not awarded costs. This was evidently an oversight, and the original opinion and judgment is modified to the extent of awarding costs of this court to the appellant.