[No. 14545. Department Two. February 8, 1918.]

THE STATE OF WASHINGTON, *on the Relation of W. H. Hackett, Respondent,* v. G. C. ARNEST, *Appellant.*[1]

MANDAMUS — PROCEEDINGS — SERVICE. Under Rem. Code, § 1025, providing that a writ of mandamus must be served in the same manner as a summons in a civil action, the copy of the writ need not be certified.

SAME—PROCEEDINGS—DEFECTS. Incorrectly dating a writ of mandamus is immaterial, where the return day was correctly set out and the defendant could not have been misled.

SAME—SCOPE OF INQUIRY—MERITS OF APPEAL. Upon application for a writ of mandamus in aid of appellate jurisdiction to compel a justice to certify a transcript of the proceedings, the merits of the appeal should not be tried out.

SAME—TO COURTS—COMPELLING TRANSCRIPT ON APPEAL. Upon appeal from a police court in a criminal proceeding, the duty to certify and transmit a transcript of the proceedings to the superior court is a purely ministerial act, which may be compelled by writ of mandate.

Appeal from an order of the superior court for Lewis county, Reynolds, J., entered August 28, 1917, directing the issuance of a writ of mandamus to compel a police judge to certify a transcript to the superior court. Affirmed.

*Wm. R. Lee* and *A. E. Rice,* for appellant.

*Forney & Ponder* and *C. D. Cunningham,* for respondent.

CHADWICK, J.—This is an appeal from an order of the superior court of Lewis county directing that a writ of mandate issue commanding the police judge of the city of Centralia to certify to the superior court a transcript of the proceedings in a case tried before him.

[1]Reported in 170 Pac. 563.

Appellant contends that there was no legal service of the alternative writ, for the reason that the copy served was not certified and was incorrectly dated. Rem. Code, § 1025, provides: ''The writ must be served in the same manner as a summons in a civil action.'' Obviously, this does not require that the copy of the writ be certified.

There is no merit in the second objection. The return day was correctly set out in the copy. Appellant could not possibly have been misled or prejudiced by the mistake complained of.

The court made its order upon the incoming of the answer. Appellant contends that there is an insufficient showing of fact to warrant the issuance of the writ.

The following facts are admitted: That appellant was the police judge of the city of Centralia; that, on May 26, 1917, a complaint was filed before him charging that respondent,

''did then and there willfully, maliciously, unlawfully ship and transport intoxicating liquor into Centralia, contrary to law, for the purpose of selling and disposing of the same, which liquor is at the freight depot in Centralia, Washington, contrary to the ordinances and statutes . . ., and praying that said accused be dealt with in the manner and form provided by law;''

—that a hearing was had before appellant, and a judgment entered; that respondent filed a notice of appeal within the time allowed by law; and that appellant had not certified a transcript of the proceedings to the superior court.

It seems to be the theory of counsel that the lower court should have tried the merits of the appealed case upon the return of the alternative writ, and that we should do likewise. But the writ is here invoked in aid of the court's appellate jurisdiction. Whether respondent's rights were affected by the judgment, or

whether the appeal will avail him anything, and other questions going to the merits, will be heard when the case is tried in the superior court.

The case in police court was a criminal proceeding, and no fees were required in advance. Rem. Code, § 1920. Under the plain provisions of the code, §§ 7656-2 and 1921, there having been a proceeding before appellant, a judgment entered, and a notice of appeal timely filed, it was his duty to certify and transmit a transcript of the proceedings to the superior court. It was a purely ministerial act involving no element of discretion, which the law binds him to perform. That the writ was properly issued under such circumstances is apparent from Rem. Code, § 1014.

Appellant makes other contentions, but we do not find sufficient merit in them to warrant discussion.

Affirmed.

ELLIS, C. J., MOUNT, MORRIS, and HOLCOMB, JJ., concur.