[No. 14492.    Department Two.    April 24, 1918.]

THE STATE OF WASHINGTON, *on the Relation of Prudential Savings & Loan Association et al., Respondents,* v. JESSE P. MARTIN *et al., Appellants.*[1]

MANDAMUS—ALTERNATIVE WRIT—FORM—SUFFICIENCY. Rem. Code, § 1016, prescribing the substance and not any particular form for an alternative writ of mandate, is complied with where the writ gives notice that it was issued by a court of competent jurisdiction and notifies the party of the exact thing to be done, or in the alternative that he show cause at a certain time and place why he has not done it.

SAME. An objection that an alternative writ of mandate did not run in the name of the state is met by the fact that it bears the title of the court and cause, which was "State of Washington on the relation," etc.

SAME—FORM—SEAL OF COURT. An alternative writ of mandate cannot be objected to for want of the seal of the court, where the copy served was a certified copy bearing the seal of the court.

[1]Reported in 172 Pac. 349.

SAME — FORM — SUFFICIENCY. An alternative writ of mandate signed by one of the judges of the court, reciting that it was "Done in open court," etc., cannot be objected to as being merely an order of a particular judge and not the process of the court.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered September 7, 1917, in favor of the plaintiffs, directing the issuance of a writ of mandamus, after a hearing upon objections to the jurisdiction of the court. Affirmed.

*Frank A. Steele* and *Earl & Steinert,* for appellants.

*P. Tworoger,* for respondents.

ELLIS, C. J.—Action of mandamus, commenced in the superior court of the state of Washington for King county. Relators filed the prescribed affidavit and thereupon obtained an alternative or show cause order which, omitting title of the court, was as follows:

"The State of Washington on the relation of Prudential Savings & Loan Association, a corporation, George E. Tilton, Frank Atwood, Peter Bettinger, Mary E. Bettinger, C. T. Scott, William Jaynes, and W. L. Stockwell, its board of directors,
Plaintiffs,

No. 124282
Alternative Writ of Mandamus

vs.

Jesse P. Martin, Frank A Steele, and J. H. Thaw, Defendants.

"The above matter coming on to be heard upon application for an alternative writ of mandate, it appearing to the court from the affidavit of George E. Tilton that the Prudential Savings & Loan Association is entitled to do business in the said state of Washington, as a loan & savings association; that it has a place of business in Seattle, said state, and that George E. Tilton with the other plaintiffs are the board of directors of said association; that said George E. Tilton is the duly elected, qualified and acting president and general

manager thereof, and that the defendants Jesse P. Martin, Frank A. Steele, and J. H. Thaw are in possession of the place of business of said association, and the books, records and papers thereof, and refuse to surrender the same to said Tilton, and are precluding him from exercising his right to said offices, contrary to law and the by-laws of said association:

"It Is Now Therefore Ordered that you, Jesse P. Martin, Frank A. Steele, and J. H. Thaw, are hereby ordered to surrender to the said Tilton the place of business of said association, and the books, papers, records and memorandum of said association, or in the alternative, show cause on the 6th day of September, 1917, in Department No. 1, of the above court, at Seattle, Washington, at 9:30 a. m. why you have, and will not surrender possession thereof, and why you are precluding the plaintiff George E. Tilton from exercising the duties of his office to which he is entitled.

"Done in open court this 1st day of September, 1917.

"Mitchell Gilliam.

"Judge."

The affidavit and a certified copy of this order regularly certified by the clerk of the court were served upon the defendants. While the record before us does not affirmatively show that the certified copy of the order was attested by the seal of the court, we must assume that it was, since no objection on that ground is urged and the admitted certification by the clerk implies that it was so attested. On the return day defendants entered a special appearance and objected to the jurisdiction of the court over their persons, on the ground that no process or writ known to the law had been issued out of the court or served upon them. Their objection was overruled. They stood upon their special appearance. Judgment was entered against them, from which they appeal.

The sole question presented by this appeal is as to the sufficiency of a certified copy of the order above

set out to operate as an alternative writ of mandate. The objections urged by appellant are: (1) That it does not run in the name of the state; (2) that the original order was not under the seal of the court; and (3) that it is a mere order of a particular judge, not the process of a court.

It may be conceded at the outset that a certified copy of the order would not meet the technical requirements of a writ at common law. This court, however, from the beginning has held that it will look to the substance rather than the form. We must look, therefore, to the statute to determine whether or not a copy of the foregoing order, certified by the clerk under the seal of the court, meets the substance of its requirements. The governing statute, Rem. Code, § 1016, is as follows:

"The writ may be either alternative or peremptory. The alternative writ must state generally the allegation against the party to whom it is directed, and command such party, immediately after the receipt of the writ, or at some other specified time, to do the act required to be performed, or to show cause before the court at a specified time and place, why he has not done so."

It will be noted that this statute prescribes no particular form for the alternative writ, but does prescribe its substance. Having regard to the substance of his right, it is manifest that all that the party against whom the writ is directed can demand is a notice bearing upon its face evidence that it was issued by order of a court of competent jurisdiction and notifying him of the exact thing ordered to be done, and that the order be in the alternative that he do that thing or show cause in court at a time and place certain why he has not done it. It is self-evident that a copy of the foregoing order certified by the clerk meets all of these requirements and is, therefore, in every matter of sub-

stance, the alternative writ contemplated by the statute.

The objection that the writ here in question did not run in the name of the state, we think is met by the fact that it bears the title of the court and of the cause, which was "State of Washington on the relation" etc. Not only the writ but the affidavit and all proceedings in the cause ran in the name of the state. To have inserted under this title and above the body of the order the words "In the name of the State of Washington" would have added nothing in substance and nothing material in form.

The contention that the writ was not under the seal of the court, we take it, is based upon the fact that the order as entered upon the court's records did not bear the seal of the court. It is not disputed, however, that the certified copy of the order, which is in fact the writ and which was served upon appellants entitled as a writ, bore the seal of the court. It was, therefore, attested by the seal as effectually as any form of order or writ can be.

The last objection, that the order was a mere order of a particular judge and not the process of a court, is a little difficult to comprehend. The order itself shows that it did not purport to be the act of a particular judge as such, but it did purport to be the act of a judge sitting as a court. The closing words are, "Done in open court this 1st day of September, 1917." It bore upon its face all the formal indicia of the action of the court as such. The claim that it was not the process of a court we have already answered. While the order itself was not the process of the court, the certified copy containing the court's mandate in the very terms of the order met every requirement of the statute, which prescribes no particular form. It is true that in the recent case of *State ex rel. Hackett v. Arnest,*

100 Wash. 286, 170 Pac. 563, we held that the writ must be served in the same manner as a summons in a civil action and, therefore, the copy served need not be certified. But in that case the writ apparently followed the usual form of the common law writ. In this case, however, the certified copy of the court's order which, as the record shows, was entitled an alternative writ of mandamus, was so certified as to make it, in substance, the writ required by statute.

We find it unnecessary to review the several decisions of this court cited on either side, for the reason that the statute itself is controlling. None of the cases cited has any direct bearing upon the question here presented.

The argument that our holding would warrant the commencement of a suit on a promissory note by a mere show cause order is without merit. In such a suit jurisdiction can only be acquired by service of a summons, and this simply because the statute so provides. The action of mandamus, however, and other special proceedings of like character, may be commenced by the service of the writ. *Smith v. Ormsby,* 20 Wash. 396, 55 Pac. 570, 72 Am. St. 110; *State ex rel. Cicoria v. Corgiat,* 50 Wash. 95, 96 Pac. 689.

The judgment is affirmed.

MOUNT, PARKER, HOLCOMB, and CHADWICK, JJ., concur.