[No. 17719.   Department One.   May 1, 1923.]

## W. H. STIVERS, *Appellant*, v. C. B. BLETHEN *et al., Respondents.*[1]

ASSOCIATIONS (2)—TRADE UNIONS (1)—MEMBERSHIP—SUSPENSION OR DISCHARGE—DISPUTES OR QUESTIONS OF POLICY—JURISDICTION OF COURTS.  The courts will not interfere with matters of procedure relating to the internal affairs or disputes between members of an unincorporated association; hence it will not review the action of the executive council of a typographical union reversing, on appeal by the employer, the action of a local union in finding that a member had been wrongfully discharged, and requiring the local union to reimburse the employer for wages paid, pending such appeal; especially where the local union submitted the entire matter to the international convention, which affirmed the executive council; since the decision thereby became final.

Appeal from a judgment of the superior court for King county, Hall, J., entered June 28, 1922, upon sustaining a demurrer to the complaint, dismissing an action to set aside an order of the international typographical union sustaining on appeal a decision of the executive council approving the discharge of a member of the local union.  Affirmed.

*W. H. Stivers*, for appellant.

*Donworth, Todd & Higgins*, for respondents.

MAIN, C. J.—The plaintiff, W. H. Stivers, as a member of Seattle Typographical Union No. 202, brought this action for and on behalf of himself and for the use and benefit of the other members of the union.

[1]Reported in 215 Pac. 7.

The defendants named in the complaint are C. B. Blethen, A. G. Bixby, George W. Jeffs, and the Times Printing Company of Seattle, a corporation; and it is sought to recover from the Times Company the sum of $848.30. To the third amended complaint, which will be referred to as the complaint, a demurrer was interposed and sustained. The plaintiff refused to plead further and elected to stand upon the complaint. A judgment was entered dismissing the action, from which the plaintiff appeals.

The complaint is very lengthy and the facts therein stated can only be epitomized here. The respondent Times Printing Company, which will be referred to as the Times, is the proprietor and publisher of a newspaper. George W. Jeffs was the foreman of the Times composing room. The appellant Stivers was employed by the Times in its composing room. The Seattle Typographical Union No. 202 is a member of the International Typographical Union. The Times was operating under a contract with the Seattle union. Stivers was discharged by Jeffs, the foreman of the composing room. The members of the union employed by the Times, and forming what is called the Times Chapel, decided that Stivers had not violated the office rules, and was therefore entitled as a member of the union to reinstatement. Jeffs declined to abide by the decision of the Chapel and insisted upon the rightfulness of the discharge. The Seattle union thereupon instructed its executive committee to investigate the differences between the foreman and the Times Chapel relating to the discharge of Stivers. When this committee began its investigation, Jeffs notified it that the Times would decline to follow what is called the local procedure and would refuse to reinstate Stivers, even if the Seattle union should affirm the action of the

Times Chapel, Jeffs taking the position that the executive council of the International Union, sitting at Indianapolis, had exclusive jurisdiction of the case. Jeffs and the Times refused to participate in the investigation and the consideration of the matter by the Seattle union, except to file statements by a number of the members of the Times Chapel. The Seattle union, after considering the case, decided that Stivers had not violated the office rules, had been wrongfully discharged, and was entitled to reinstatement. He was instructed to report for work to the foreman on the day following.

The Times appealed from the decision of the local union to the executive council. While this appeal was pending, the Times paid to Stivers his regular wages, which amounted to the sum of $848.30, but Stivers during this time was not permitted to return to work. The matter came on for hearing before the executive council, and the executive council rendered a decision in which it was held that it had jurisdiction to hear and determine the matter and that the discharge of Stivers was justified; and the Seattle union was ordered, out of its own funds, to reimburse the Times for the amount of wages which it had paid to Stivers while the appeal was pending. After this decision, the Times demanded from the Seattle union the payment of $848.30, pursuant to the decision of the executive council. This money was paid, and the Seattle union appealed to the 1920 convention of the International Typographical Union. As a condition precedent to its right to appeal, it was necessary for it to comply with the decision of the executive council with reference to reimbursing the Times. The International Typographical Union, in its 1920 convention, sustained the decision of the executive council. This action was

brought, as shown by the prayer of the complaint, for "judgment setting aside and annulling the order of the Executive Council of the International Typographical Union requiring Seattle Union to reimburse the defendant corporation in the sum of $848.30, impressing a trust upon the said sum of $848.30, in the hands of the said corporation, decreeing the said corporation to be a trustee thereof for the benefit of the members of Seattle Union, and ordering the said corporation forthwith to return the said sum to the secretary-treasurer of the said Seattle Typographical Union No. 202, and for his costs and disbursements herein."

If we understand the complaint correctly, when Stivers was discharged he claimed that what is called local procedure should be followed, which would be that the Seattle union should investigate and determine whether his discharge was justified. Jeffs and the Times took the position that it was not a case falling within the local procedure, but was one to be determined by the executive council of the International Typographical Union. What the correct procedure was, was a matter therefore within the internal government of the International Typographical Union, of which the Seattle union was a component part. The courts in cases of this kind will not interfere with the internal affairs of an unincorporated association so as to settle disputes between the members, or questions of policy, discipline or internal government, so long as the government of the society is fairly and honestly administered in conformity with its laws and the laws of the land, and no property or civil rights are involved. 5 C. J. 1364. In *Kelly v. Grand Circle Women of Woodcraft*, 40 Wash. 691, 82 Pac. 1007, it was said:

"In cases of this kind 'courts never interfere, except to ascertain whether or not the proceeding was

pursuant to the rules and laws of the society, whether or not the proceeding was in good faith, and whether or not there was anything in the proceeding in violation of the laws of the land.' *Connelly v. Masonic Mut. Benefit Ass'n,* 58 Conn. 552, 18 Am. St. 296, 9 L. R. A. 428. The rule is stated in 3 Am. & Eng. Ency. Law (2d ed.), 1075, as follows:

" 'Where the jurisdiction of an association is being lawfully and regularly exercised, courts have no authority to interfere by injunction, mandamus, or otherwise, nor have they authority to entertain jurisdiction of a cause once formally and finally settled according to the laws of the association, unless it appears that such laws were invalid, or that the procedure under them was so irregular as to work injustice. It follows as a corollary that courts have no authority to entertain jurisdiction of a cause that is primarily cognizable, and for which a full and ample remedy is obtainable, under the associate jurisdiction.' "

The executive council having decided this question of procedure, and the international convention having sustained the decision, it is a matter with reference to which the court will not interfere. The matter of requiring the Seattle union to reimburse the Times before it could appeal to the convention of the international was likewise a matter which involved procedure with reference to the internal affairs or government of the association. Aside from this, there is another sufficient reason why the appellant's case was ended and finally determined when the decision of the executive council was affirmed by the 1920 convention. The Seattle union, in its brief presenting the matter to the 1920 convention, sought a reversal of the decision of the executive council and an affirmance of the decision of the Seattle union, and concludes with this statement:

"We believe, however, that everyone concerned recognizes the advisability and expediency of terminat-

ing the case in the Convention. Therefore our final request is:

"That the 1920 Convention affirm the reinstatement of W. H. Stivers by Seattle Typographical Union, No. 202, and reverse the Executive Council's decision as to reimbursement of The Times Printing Company for wages paid to him."

Having submitted by this request the entire matter, so far as the discharge and reinstatement of Stivers were concerned and the correctness of the executive council's decision, to the 1920 convention, the conclusion of that body in affirming the decision of the executive council is conclusive. It is said in the complaint that the decision of the executive council was arbitrary and fraudulent, but we find no facts stated which would justify the court in finding such to be the case. As already said, the matter was one within the internal affairs or government of the union, and with this the court does not interfere. Among the authorities cited by the appellant are the cases of *Robinson v. Dahm,* 94 Misc. Rep. 729, 159 N. Y. Supp. 1053, and *Hamilton v. Rouse,* 178 App. Div. 81, 165 N. Y. Supp. 173; but it appears from those cases that the New York courts have adopted a different rule from that announced in *Kelly v. Grand Circle Women of Woodcraft, supra,* and therefore those cases can have no controlling effect.

The judgment will be affirmed.

HOLCOMB, MITCHELL, MACKINTOSH, and BRIDGES, JJ., concur.