[No. 18636. Department One. August 14, 1924.]

THE STATE OF WASHINGTON, *on the Relation of Gilbert M. Butterworth et al., Plaintiff,* v. A .W. FRATER, *as Judge of the Superior Court for King County, Respondent.*[1]

BENEFICIAL ASSOCIATIONS (3)—RECOURSE BY MEMBERS TO COURTS. Certiorari does not lie to review the action of officers of a beneficial association in refusing to place names of members on a ballot for election to office, where the by-laws provide a complete remedy in the association by appeal, and the offices to be filled carry no remuneration; since no property right is involved; and the fact that the local lodge is incorporated under the laws of this state and holds real estate does not show that property rights are involved.

Certiorari to review a judgment of the superior court for King county, Frater, J., entered April 18, 1924, granting an injunction, upon the return to an order to show cause. Reversed.

*Karr & Gregory* and *H. G. Sutton,* for plaintiff.

*George Francis Burton* and *Poe, Falknor, Falknor & Emory,* for respondent.

MACKINTOSH, J.—The Loyal Order of Moose is a voluntary fraternal organization, with local lodges in the different states, created for the advancement of fraternal principles and not for the transaction of business or pecuniary reward. The order has a lodge in Seattle which has a charter from the supreme lodge, that being the parent body, located in Illinois. The Seattle lodge is incorporated under the laws of this state, apparently for the purpose of holding real estate used by it for its home. The local lodge is governed by the constitution and general laws of the order, and

[1]Reported in 228 Pac. 295.

all the members of the local lodge sign a roll which contains an agreement to abide by such laws. These laws provide that, at the last meeting of the lodge in March of each year, candidates will be nominated by a nominating committee for the various offices to be filled at the first meeting in the following April.

The relators are the dictator and secretary of the lodge, and their petition shows that candidates were nominated by a nominating committee at the last meeting in March, 1924, to be elected at the meeting scheduled to be held on April 11, following. Before the date of the election, certain members of the lodge sought to have their names placed on the ballot as candidates for various offices, under a provision of the laws of the order which allows nominations to be made other than by the nominating committee, when any member of the lodge who was not nominated by the committee and desires to be nominated can have his name placed on the ballot by petition, signed by five per cent of the membership of the lodge. The relators refused to place the names of these members upon the ballot as candidates, whereupon these members brought an action in the superior court of King county against the relators, seeking a mandatory injunction to compel the placing of their names on the ballot. Upon return of the order to show cause, the court required the relators, by injunction, to place the names of the plaintiffs in that suit upon the official ballot as candidates.

In this proceeding to review the action of the lower court, the relators insist that the injunction should not have been issued, for the reason that the matters litigated relate entirely to the internal affairs of a voluntary association, and that no property or pecuniary rights were involved, and that the plaintiffs in that

action had not exhausted the remedies provided by the laws of the organization.

We must agree with these contentions of the relators. An examination of the extensive laws of the Loyal Order of Moose shows that elaborate provision has been made in the organization to take care of all matters in controversy between members of the lodge, or between the members and officers. Section 275 of those laws provides that any member desiring to prefer charges against any other member shall submit them to the dictator of the lodge, and then follow provisions setting out the procedure to be followed in the hearing of those charges. Section 301 *et seq.* provide for appeals, § 301 reading:

"Any member of a lodge shall have the right to appeal in the following manner: . . . From any finding, order, decree or judgment of a Commissioner to the General Dictator. . . . From any ruling . . . of the General Dictator . . . of the Supreme Forum."

Sections 57 to 73, inclusive, provide for the creation of the supreme forum, grant it its authority, provide its procedure and state that (Sec. 63):

"The Supreme Forum shall have appellate jurisdiction in all cases of appeal from the decisions, rulings, orders, findings, judgments or decrees of the General Dictator, and upon such appeal, any order, finding, judgment, ruling, decision or decree given, made or rendered by the Supreme Forum shall be conclusive and final and there shall be no appeal therefrom."

Among the other laws to which members pledge their allegiance is the following (Sec. 271):

"The various tribunals provided by the Order shall have jurisdiction to try and determine the rights of members under the laws of the Order and no member or Lodge or other unit of the Order shall have the right

to apply to the civil courts for the enforcement of any right or the determination of any grievance arising under or by virtue of the laws of the Order."

The courts have long ago laid down the rule that under laws such as these in voluntary non-profit associations, they will not interfere, but will leave the members to pursue the remedies provided in the laws of the order. An exception has been made where the controversy relates to property rights. As was said in *Robinson v. Dahm,* 94 Misc. Rep. 729, 159 N.Y. Supp. 1053:

"The courts will not interfere in disputes between such an association (voluntary) and a member unless a property right is involved."

The question then arises as to whether any property rights are involved here. The laws provide that the offices to which the plaintiffs below aspired carry no remuneration, and it is of course not subject to debate that the deprivation of an office such as that interferes with no property rights of the person eager for the unremunerative honor. Even membership itself in such an association as the one here implies no property right, as was decided in *O'Brien v. Musical Mutual Protective & Benevolent Union, Local No. 14, National League of Musicians,* 64 N. J. Eq. 525, 54 Atl. 150.

It would seem plain, therefore, that the plaintiffs below had no right of redress in the courts of this state. This is the holding of numerous cases from various jurisdictions; and without any attempt to list them all the following will be found to bear on the question: *Gaines v. Farmer,* 55 Tex. Civ. App. 601, 119 S. W. 874; *Franklin v. Burnham,* 40 Misc. Rep. 566, 82 N. Y. Supp. 882; *Ter Vree v. Geerlings,* 22 N. W. (Mich.) 89; *People ex rel. Rice v. Board of Trade,* 80 Ill. 134; *Gibson v. Singleton,* 149 Ga. 502, 101 S. E. 178; *Whitty*

*v. McCarthy,* 20 R. I. 792, 36 Atl. 129; 5 C. J. 1364.
This court has also recognized the same rule, in *Herman v. Plummer,* 20 Wash. 363, 55 Pac. 315, where it
said:

"It is not pretended that any effort was made by the
plaintiffs to have the questions involved in the present
dispute determined by the committee mentioned in
that section, and it is a well established principle, applicable to controversies like the present, that until the
members have exhausted their remedy within the society the courts will not assume jurisdiction of the
controversy."

See, also, *Kelly v. Grand Circle, etc., Woodcraft,* 40
Wash. 691, 82 Pac. 1007; *Tolbert v. Modern Woodmen
of America,* 83 Wash. 287, 145 Pac. 183.

In the case of *State ex rel. Cicoria v. Corgiat,* 50
Wash. 95, 96 Pac. 689, the rule was recognized, but
cognizance was taken of the controversy in a voluntary association there for the reason that pecuniary
and property rights were involved, the court saying:

"The appellants earnestly insist that courts should
close their doors against applications of this character
and compel members of voluntary associations, such
as the appellant society, to seek protection for their
rights and redress for their grievances within the society of which they are members. We would gladly
adopt this view, but unfortunately, where pecuniary
and property rights are involved, the courts must listen to the complaint of members whose rights have
been abridged or invaded by the arbitrary and illegal
actions of the governing body within the society."

It is claimed, however, that, because the Seattle local
lodge is incorporated in this state, a different rule
should be applied, and that the law as it relates to
domestic corporations in regard to the holding of elections should be enforced. As we view it, this argument
is without merit; for, although the lodge may be in-

corporated in this state, still it is but a subsidiary of the parent lodge and its members are governed by the agreement which they entered into when joining the organization. Courts will not interfere in disputes of this nature where the organization amply provides for their determination, unless, as stated, some pecuniary or property loss is threatened the person seeking the aid of the courts.

The action should have been dismissed. The order of the lower court is reversed and the parties are left to the remedies which they may have under the general laws of the order to which they belong.

MAIN, C. J., PARKER, HOLCOMB, and TOLMAN, JJ., concur.