# Hogue, Appellant, *v.* American Steel Foundries.

*Corporations — Foreign corporations — Internal management — Jurisdiction.*

The courts of Pennsylvania have no jurisdiction over an action brought by a stockholder of a foreign corporation, to recover dividends which he alleges should have been paid upon preferred stock held by him, and which action involves a determination of the validity of a reorganization of the corporation in which plaintiff had declined to participate. Such an action relates to the management of the internal affairs of a foreign corporation, and can only be determined by the courts of the state in which the corporation is domiciled.

Argued Oct. 16, 1914. Appeal, No. 50, Oct. T., 1914, by plaintiff, from judgment of C. P. Allegheny Co., Jan. T., 1912, No. 60, for defendant on demurrer to plaintiff's statement of claim in case of W. T. Hogue and R. F. Hogue, trading as Hogue Brothers & Company, v.

American Steel Foundries, a corporation. Before
BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER,
JJ. Affirmed.

Assumpsit to recover amount equivalent to dividends
on preferred stock. Before COHEN, J.

The opinion of the Supreme Court states the case.

The court sustained defendant's demurrer to plain-
tiffs' statement of claim, and entered judgment for de-
fendant. Plaintiff appealed.

*Error assigned* was the judgment of the court.

H. V. Blaxter, with him *Charles T. Moore, Lazear &*
*Blaxter, Thomas T. Lazear* and *Jesse T. Lazear,* for
appellant.

*Max Pam,* of *Pam & Hurd,* with him *Reed, Smith,*
*Shaw & Beal,* for appellee.

OPINION BY MR. JUSTICE POTTER, January 2, 1915:

From their original statement of claim filed in this
case, in the Court of Common Pleas of Allegheny Coun-
ty, it appears that plaintiffs sought to recover from the
defendant, the amount of the par value of certain shares
of preferred stock held by them in the defendant com-
pany. They also claimed that they were entitled to an
amount which should properly have been declared as
dividends upon the stock. In an amended statement,
filed more than eighteen months afterwards, the claim to
the par value of the stock was abandoned, and the at-
tempt to recover was limited to the amount of certain
dividends only, which they alleged should have been de-
clared and paid, upon the stock owned by them. They
averred in the amended statement, that they were the
holders of 100 shares of the preferred stock of the de-
fendant company, for which they held a certificate; that
under the terms set forth in the certificate, they were

entitled to receive quarterly dividends on their stock at the rate of six per cent. per annum, or $150.00 in each quarter, on the whole 100 shares, in preference to the holders of common or unpreferred stock of the company, and that these dividends were made cumulative; that defendant paid dividends on the stock owned by plaintiffs, until August 15, 1904, since which time nothing has been paid; that in the year 1908, the American Steel Foundries, the defendant corporation, was reorganized under a plan whereby the then outstanding preferred and common stock was to be surrendered, and stock of but one class was to be substituted. In the process of reorganization, the holders of the original preferred stock were to receive 77 per cent. of their holdings in new common stock, 20 per cent. in debentures, and $3.00 per share in cash. It is alleged that the plan was adopted by a large majority, or nearly ninety per cent. of the stockholders. The plaintiffs, however, declined to assent to the plan of reorganization, and retained their preferred stock, and now in this action, they claim the right to recover an amount equivalent to the dividends, to which they alleged they were entitled, under the apportionment of the earnings in accordance with the contract set forth in the certificate of stock, and in the original charter of the corporation. Since the reorganization no dividends have been declared or paid upon any of the old preferred stock. But during the years 1910 and 1911, the board of directors of the defendant company declared and paid, dividends upon the new stock of the company issued after the reorganization.

Defendant demurred to the amended statement on four grounds: (1), because it did not allege that defendant had made any earnings applicable to the payment of dividends, (2), because it did not allege that defendant, by its board of directors, or other competent authority had declared any dividends on plaintiffs' stock, (3), because the matters alleged in the statement as constituting a cause of action related solely to the internal

affairs of a foreign corporation, and for that reason the court would not entertain jurisdiction of the cause, and (4), because the statement did not set forth any cause of action in the plaintiffs named in the amended statement.

The court below in an opinion by COHEN, J., held that each of the first three reasons assigned, was good, and sustained the demurrer, and judgment was entered for defendant. If any of the reasons advanced in support of the demurrer was sufficient, the entry of judgment was justified. Admittedly the defendant is a corporation organized under the laws of New Jersey. The re-organization which is set forth in the statement of claim, was of course effected under, and its validity must be determined by, the laws of New Jersey. The right to issue corporate stock is one of the attributes of the corporation, which is governed by the law of the state from which it derived its existence. The plaintiffs here were not asking for a judgment for the amount of dividends which in fact were declared upon the stock which they held, for admittedly none such were declared. The position taken by plaintiffs, is one which ignores entirely the effect of the reorganization of the corporation. The claim which is advanced, is, that out of any dividends which may have been declared, the plaintiffs as holders of original preferred stock, were entitled to be paid, in accordance with the terms of the original certificate, before anything was to be awarded to the holders of any other stock issued by the company. The determination of the question thus raised, would require us to investigate and determine the validity of the plan of reorganization, and would require us to ascertain and pronounce upon, the rights of the original shareholders, as between themselves and their own corporation. These questions are we think for the New Jersey courts to determine, as arising under the local law. If any wrong has been done to plaintiffs, by the process of reorganization, that wrong must be ascertained, and the remedy

applied, according to the law of the domicile of the corporation. The action of which plaintiffs here complain, is not something which affects merely their own individual rights. It concerns the rights of all the non-assenting holders of preferred stock. The validity of the action taken by the company depends upon the legality of the reorganization proceedings, under which the old preferred stock, and the old common stock, was retired, and new stock of but one class was issued in lieu thereof. It seems clear, that the prosecution of such an inquiry, would involve interference with the management of the internal affairs of a foreign corporation. This it has repeatedly been held we will not undertake. In one of our latest cases on the subject, Kelly v. Thomas, 234 Pa. 419, our Brother MOSCHZISKER cites the substance of former Pennsylvania decisions in the statement (p. 430): "A Pennsylvania resident has no right to call upon the courts of his own state to protect him from the consequences of a voluntary membership in a foreign corporation. By the very act of membership he entrusted his money to the management of a corporation owing its existence to and governed by the laws of another state......Without doubt, Courts of Equity in Pennsylvania, have......jurisdiction to enjoin unlawful acts by such corporations;......but they have no jurisdiction as to their internal management. What constitutes internal management is well defined by STONE, J., in North State Copper & Gold Mining Company v. Field, 64 Md. 151: 'Where the act complained of affects the complainant solely in his capacity as a member of the corporation, whether it be as a stockholder, director, president or other officer, and is the act of the corporation, whether acting in stockholder's meeting, or through its agents, the board of directors, then such action is the management of the internal affairs of the corporation; and in case of a foreign corporation our courts will not take jurisdiction': Madden v. Electric Light Co., 181 Pa. 617, 621-2." In the same

opinion Mr. Justice MOSCHZISKER well says (p. 431): "If the actual exercise of visitorial powers is not requisite to the relief, the rule as to noninterference should be restricted, and not carried further than is absolutely required by universal fixed rules of law; for, where possibly, we should prevent its use as a cloak to cover apparent fraudulent conduct on the part of officers of foreign corporations to the prejudice of Pennsylvania stockholders." This statement reflects accurately the attitude of this court upon this matter. As to the exercise of general jurisdiction over foreign corporations doing business in Pennsylvania there can be no question. But we think the present case clearly turns upon matters which involve the internal management of the defendant corporation, and its relation to its shareholders. These questions are not for us to determine.

The demurrer was properly sustained, and the judgment is affirmed.