[No. 29326. *En Banc.* December 11, 1944.]

J. A. GRANT *et al.*, *Respondents*, v. PACIFIC GAMBLE ROBINSON COMPANY, *Appellant*.[1]

[1] Reported in 154 P. (2d) 301.

*Ryan, Askren & Mathewson* and *William J. Madden,* for appellant.

*Falknor, Emory & Howe,* for respondents.

GRADY, J.—This is an action brought by a group of stockholders in the Pacific Fruit & Produce Company, Inc., against the Pacific Gamble Robinson Company, a corporation, to secure an order of court designating two appraisers to act with an appraiser named by plaintiffs in fixing the value of their corporate stock and for judgment against the defendant for the amount of such value.

A show cause order was issued directing the defendant to show cause why two appraisers should not be appointed by the court to join in fixing the value of the stock owned by plaintiffs in the Pacific Fruit & Produce Company, Inc., at the time of its merger with Gamble Robinson Company. Upon the return day, the defendant appeared generally and filed and presented to the court an affidavit of one of its counsel resisting the appointment of the appraisers. The court entered an order appointing the two appraisers. The defendant has taken an appeal from the order.

The respondents have moved to dismiss the appeal upon the ground that the order appointing appraisers is not an appealable order. The motion must be denied on authority of *Meade v. Pacific Gamble Robinson Co.,* 21 Wn. (2d) 866, 153 P. (2d) 686.

The record contains no statement of facts showing what transpired at the hearing on the show cause order. The court made no findings of fact upon which it based its order appointing the appraisers. We must, therefore, assume that the allegations of the complaint were established and consider only the questions whether the court had jurisdiction of the subject matter of the action and if the complaint states facts sufficient to justify the making of the

order appointing the appraisers. *O'Neal Land Co. v. Judge,* 196 Wash. 224, 82 P. (2d) 535. The two questions are so connected with each other that we shall consider them together.

The factual situation, as disclosed by the complaint, is as follows: The Pacific Fruit & Produce Company, Inc., and the Gamble Robinson Company were corporations organized under the laws of the state of Delaware, the former having its principal office and place of business in Seattle. The respondents are the owners of a minority of the capital stock of the Pacific Fruit & Produce Company, Inc. The two corporations desired to consolidate and form a new corporation under the laws of Delaware, to be called Pacific Gamble Robinson Company. Due proceedings were taken by the two corporations to consolidate, and the appellant corporation was organized. The respondents did not wish to become stockholders in the new corporation and elected to demand from it payment of the value of their stock, pursuant to a statute of Delaware:

" 'Sec. 61. *Consolidation or Merger; Payment for Stock of Dissatisfied Stockholders:*— If any stockholder in any corporation of this state consolidating or merging as aforesaid, who objected thereto in writing, shall within twenty days after the date on which the agreement of consolidation or merger has been filed and recorded, as aforesaid, demand in writing from the corporation resulting from or surviving such consolidation or merger, payment of his stock, such resulting or surviving corporation shall, within three months thereafter, pay to him the value of his stock at said date, exclusive of any element of value arising from the expectation or accomplishment of such consolidation or merger. If within thirty days after the date of such written demand the corporation and such stockholder fail to come to an agreement as to such value of such stock, such stockholder may demand an appraisal of his stock by three disinterested persons, one of whom shall be designated by the stockholder, one by the directors of the resulting or surviving corporation and the other by the two designated as aforesaid and may serve written notice on such corporation designating therein one appraiser and requiring the corporation to designate a second appraiser within thirty days from the date of service of such notice. If within thirty days from the date

of service of such notice, the corporation shall have failed to designate a second appraiser or if the two appraisers first designated shall fail to designate a third appraiser within thirty days from the designation of the second appraiser such stockholder may apply to the Chancellor to designate a second and a third appraiser, or a third appraiser, as the case may be. The decision of the appraisers as to such value of such stock shall be final and binding upon the corporation and such stockholder.

" 'In case the value of such stock as so fixed by the appraisers is not paid to such stockholder within sixty days from the date of such decision and of notice thereof given to the corporation, the decision of the appraisers shall be evidence of the amount due from the corporation, and such amount may be collected as other debts are by law collectible from the resulting or surviving corporation. Upon receipt of payment in full of the value of such stock, such stockholder shall transfer his stock to the said resulting or surviving corporation, to be disposed of by the directors thereof, or to be retained for the benefit of the remaining stockholders.

" 'The cost of any such appraisal, including a reasonable fee to each of the appraisers, may on application of any party in interest be determined by the Chancellor and taxed upon the parties to such appraisal, or either or both of them, as may appear to be equitable.' "

The parties were unable to agree upon the value of respondents' stock. The respondents demanded an appraisal of their stock and named an appraiser. The parties are not in accord as to the designation of an appraiser by appellant, but we must accept the allegation in the complaint that it did not make a selection. This seems to be the reason the court appointed two appraisers.

We think the one question which is decisive of this case is whether the power to appoint appraisers to fix the value of capital stock in a Delaware corporation consolidating with another Delaware corporation, rests with the chancellor of the state of Delaware, or may the superior court of this state do so at the request of stockholders who desire to have the value of their stock fixed by an appraisement.

The authority for the consolidation and merger of its domestic corporations is given in Delaware by statute. It

has also given to a nonconsenting stockholder in either of the consolidating corporations the right to have paid to him the value of his stock, and has provided a procedure whereby he may have that value fixed and a method by which such value may be recovered from the resulting corporation. A part of the statutory right is to have the value of the stock fixed by appraisers selected by the interested parties. If this cannot be accomplished, the chancellor of Delaware is authorized by statute to designate appraisers. When the appraisers fix the value of the stock, their decision is binding on the corporation, and, if it does not pay such value to the stockholder, he is given a right of action to recover a judgment therefor.

The statute is worded in plain language and needs no construction, and the legislature, in enacting it, clearly designated what the stockholder must do in order to perfect his right of action, and who must act in the event the interested parties themselves cannot agree, or the two appraisers designated by them are unable to agree upon a third appraiser, or the corporation fails or refuses to make a selection of an appraiser. When the legislature designated its chancellor to act, it had reference to a certain and definite official to perform a nonjudicial act, and not any official of any other state who might have similar judicial powers to those performed by such chancellor.

Before a stockholder can maintain an action to recover judgment for the value of his stock, he must have its value fixed either by agreement or by appraisement in the manner provided by the statute. The course of procedure set forth in the statute has to be followed in order to perfect the right to maintain an action and is inherent in the statutory right given to a stockholder to be paid the value of his stock.

The action now before us is of a two-fold character: (1) to have appraisers appointed and (2) to recover judgment for the value of the stock of respondent as fixed by the appraisers.

We have decided that, if a statutory or common-law right is given by the laws of a sister state, such right may

be enforced by an action in the courts of this state if such an action be transitory. *Reynolds v. Day,* 79 Wash. 499, 140 Pac. 681, L. R. A. 1916A, 432; *Richardson v. Pacific Power & Light Co.,* 11 Wn. (2d) 288, 118 P. (2d) 985.

This rule, however, does not apply if the right given is, by the terms of the statute creating it, to be enforced by prescribed proceedings within the state of its enactment, or the existence of a cause of action is conditional on some act or event. *Galveston, Harrisburg & San Antonio R. Co. v. Wallace,* 223 U. S. 481, 56 L. Ed. 516, 32 S. Ct. 205; *Howarth v. Lombard,* 175 Mass. 570, 56 N. E. 888, 49 L. R. A. 301; 11 Am. Jur., Conflict of Laws, p. 310, § 11; Restatement of the Law, Conflict of Laws, p. 735, § 618; 12 C. J., Conflict of Laws, 438, § 11.

In the *Galveston* case, the court said, p. 490:

"Where the statute creating the right provides an exclusive remedy, to be enforced in a particular way, or before a special tribunal, the aggrieved party will be left to the remedy given by the statute which created the right."

In the *Howarth* case, the court said, p. 573:

"If the right by the terms of the statute creating it is to be enforced by prescribed proceedings within the State, the right is limited by the statute, and can only be enforced in accordance with the statute."

Some of the cases cited in the texts deal with the statutory liability of stockholders sought to be enforced in a state foreign to the corporate domicile. The statutes referred to in the cases required certain preliminary steps to be taken in order to fix the liability of the stockholder, and, when this was done, a right of action accrued to recover a judgment against such stockholder. The cases hold that the preliminary proceedings must be taken in the state of incorporation and where the receiver or trustee was appointed by the court.

The language of the Delaware statute clearly indicates that the legislature intended to base it upon the rules we have just referred to, and it logically follows that the proceedings relative to the designation of appraisers by the

chancellor of Delaware must be had and taken in that state, as provided by the Delaware statute, and this not having been done, the superior court for King county did not have jurisdiction over the subject matter of the action, and the complaint, not having alleged such action by the chancellor, did not state a cause of action. This, in effect, is our holding in *Meade v. Pacific Gamble Robinson Co.*, a companion case to this, 21 Wn. (2d) 866, 153 P. (2d) 686.

The judgment is reversed, with direction to the trial court to dismiss the action.

SIMPSON, C. J., ROBINSON, and JEFFERS, JJ., concur.

MILLARD, J. (concurring)—I concur in opinion of Grady, J. The order appointing appraisers determined the rights of the parties to the controversy; hence, it is an appealable order. The record before us is sufficient for us to review the order and determine the question of law which is presented. An analogous situation was before us in *Davis v. Woollen,* 191 Wash. 379, 71 P. (2d) 172. A pure question of law, we held, was there presented; hence, the absence of a statement of facts was not fatal to the appeal.

BLAKE, BEALS, STEINERT, and MALLERY, JJ., dissent.

-------

January 26, 1945. Petition for rehearing denied.